741 So.2d 986 (1999)
Howard BRIGGS a/k/a Howard Lee Briggs, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01484-COA.
Court of Appeals of Mississippi.
June 22, 1999.
*988 W. Terrell Stubbs, Mendenhall, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND PAYNE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Howard Briggs has appealed his conviction for third offense driving under the influence of alcohol. He purports to raise eight issues, though we determine there is a measure of duplication in some of them. In all events, we find no merit in any issue properly presented to us for decision and, therefore, affirm the conviction.

A.

Facts
¶ 2. Simpson County law enforcement officers were conducting a routine roadblock to check such items as proper drivers licenses, vehicle registration and such matters on July 23, 1995. One of the officers participating in the roadblock testified that, when he approached Briggs's vehicle at the roadblock, he smelled the odor of alcohol emanating from Briggs's person. Upon further investigation, the officer determined that there was reasonable ground to believe that Briggs may have been intoxicated to a sufficient to degree to constitute a criminal violation. As a result, he placed Briggs in his vehicle, transported him to the local jail, and administered a chemical breath analysis test commonly called the intoxilizer test to determine Briggs's blood alcohol content. The test results showed .211 one-hundredths percent blood alcohol concentration, well above the legal limit.
¶ 3. Briggs had two prior convictions for driving under the influence in the five years previous to the date of his arrest. As a result, he was indicted under the felony provisions of Section 63-11-30(2)(c) of the Mississippi Code. He was subsequently tried before a jury and convicted. Having failed to obtain relief in his post-trial motion to the trial court, Briggs perfected this appeal.

B.

Discussion of Issues
¶ 4. Briggs presents eight issues numbered I through VIII. For reasons that we will discuss, we find some of them to be without merit, one of them to be duplicative and we find that we are procedurally barred from considering one of the issues. We will consider the issues in the same order as raised in the appellant's brief.

I.

The Jury Was Not Fair and Impartial
¶ 5. Without citing any authority for the proposition, Briggs argues that he was denied a fair trial because a number of prospective jurors, during voir dire by his counsel, expressed the view that a person should not operate a motor vehicle if that person has ingested any alcohol. Only one potential juror said that evidence that Briggs had consumed any amount of alcohol before driving his vehicle would be enough for that venire member to convict of criminal conduct. That person was excused for cause by the trial court. The remaining potential jurors each affirmatively stated on the record their ability to put their personal feelings aside and decide the case according to the law as given them by the trial court. The trial court, during jury selection in chambers, indicated that the court thought those statements *989 were enough to qualify those persons as impartial jurors and refused to excuse them for cause.
¶ 6. The trial court has substantial discretion in the matter of challenges for cause to jurors. Bell v. State, 725 So.2d 836, 845 (Miss.1998). There is no reason to conclude that the court erred in this case by refusing to excuse for cause those jurors who honestly expressed their personal views on a subject but then affirmatively indicated their ability to decide Briggs's guilt on the law. We also observe that the jurors were, in all events, not asked whether someone who drinks any amount of alcohol and then drives a vehicle should be criminally punished in every instance. They were merely asked whether they thought it was an activity that should be done. There are many activities that a potential juror might refuse to condone without necessarily believing that someone engaging in those activities was involved in punishable criminal behavior.

II.

The Constitutionality of the Roadblock as a Means of Obtaining Evidence of Criminal Conduct
¶ 7. Citing Michigan State Police v. Sitz, Briggs claims that the manner in which he was stopped by police officers violated his Fourth Amendment right against unreasonable seizure, so that any evidence gleaned from that stop should be suppressed. Michigan Department of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990). Sitz involved a case where certain drivers had challenged the State of Michigan's authority to conduct roadblocks aimed at detecting possibly intoxicated drivers. Id. at 447, 110 S.Ct. 2481. The United States Supreme Court found such roadblocks, though unquestionably constituting a seizure, to be a reasonable seizure when the minor inconvenience to a typical motorist of such a brief stop was balanced against the State's interest in combating the serious social problem of drunken drivers. Id. at 455, 110 S.Ct. 2481.
¶ 8. Briggs claims that the roadblock at which he was detained was not being conducted in the manner approved by the Supreme Court in Sitz in that there were no formally approved procedures in place. The State attempts to distinguish Sitz by saying that Briggs was stopped at a roadblock serving principally as a check for drivers licenses and vehicle registration and not one attempting to target intoxicated drivers. We conclude that such a distinction has no relevance in our decision process. The State arguably has an interest in ensuring that drivers of vehicles are properly licensed and that vehicles are properly registered and periodically inspected. The interest is not the same as that of keeping intoxicated operators off the roads, but it is nevertheless a legitimate state interest.
The issue becomes, therefore, whether a roadblock intended principally to detect unlicensed drivers or improperly registered and uninspected vehicles is a constitutionally permissible undertaking. We find nothing in Michigan State Police v. Sitz to suggest that it is not. In fact, every indication is to the contrary. It is the issue of (a) roadblock-type checkpoints where every vehicle is stopped versus (b) random stops of individual vehicles not under any suspicion that seems to serve as the dividing line between constitutionally-permissible police activity and unreasonable intrusions into the personal security of motorists.
¶ 9. Of course, as the Supreme Court suggested in U.S. v. Martinez-Fuerte, there is always the possibility that the facts of a particular roadblock may demonstrate some constitutional violation, but Briggs has pointed to no such facts in this case. U.S. v. Martinez-Fuerte, 428 U.S. 543, 567, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976).
¶ 10. We decline to hold that law enforcement roadblocks of this nature are, as *990 a general proposition, unconstitutional invasions of the personal security from unreasonable seizure afforded motorists under the Fourth Amendment.

III.

The Sufficiency of the Evidence
¶ 11. Briggs alleges that the State failed to prove the offense. Though it is not clear, it appears that his contention is that the evidence of Briggs's performance on the intoxilizer was not probative of guilt. He claims that he had been left unattended at several points after his detention so that the State had failed to comply with the mandatory fifteen minute observation period that must precede administration of the intoxilizer test. See Miss.Code Ann. § 63-11-5(1) (Supp.1998); Fisher v. City of Eupora, 587 So.2d 878, 882 (Miss.1991). While Briggs himself testified to being left alone or in the company of the arresting officer's wife after he was detained, the officer himself testified to placing Briggs in his squad car and taking him immediately to the jail where he personally observed Briggs until the test was administered. "A dispute as to ... whether the observation was performed while in the presence of an officer goes to the weight of the testimony and the credibility of the witnesses." Id. at 882. At best, Briggs's contention was a disputed issue of fact to be raised at trial and submitted to the jury for resolution on proper instruction. The jury's verdict of guilty in this case demonstrates that it rejected any such issue and there is credible evidence in the record to support a finding that the necessary observation period was properly conducted. This issue is without merit.

IV.

The Admissibility of HGN Testing
¶ 12. Briggs claims that his conviction must be reversed because evidence was put before the jury that Briggs had demonstrated several indicia of intoxication while being subjected to a Horizontal Gaze Nystagmus (HGN) test by the arresting officer. He cites Young v. City of Brookhaven as authority for this proposition. Young v. City of Brookhaven, 693 So.2d 1355 (Miss.1997). The Young case announced, in a "stern warning" to prosecutors that HGN test results were admissible only on the issue of probable cause to arrest and should not be offered to prove intoxication because the test is "not generally accepted within the scientific community...." Id. at 1360-61.
¶ 13. However, the Young case was not handed down until approximately one month after Briggs's case was tried, and, even if it had been handed down prior to trial, it is doubtful it would have caused the prosecution to re-think its presentation since the State did not introduce the evidence. The matter of the HGN test was raised by the defense during its cross-examination of the arresting officer. The defense cannot introduce evidence then later seek reversal, complaining that the evidence was inadmissible. Singleton v. State, 518 So.2d 653, 655 (Miss.1988).

V.

The Accuracy of the Intoxilizer
¶ 14. Briggs actually raises four sub-issues under this general assignment of error. He claims the checklist prepared contemporaneously with the test indicates that a step was omitted. Secondly, he urges that freon gas on his clothing distorted the intoxilizer readings, thereby destroying their integrity. Thirdly, he claims that the State failed to demonstrate that the intoxilizer was properly calibrated. Lastly, he claims that the State failed to prove that the test was administered by a properly qualified individual. We will consider these sub-issues in the same order.
¶ 15. Briggs argues that the checklist used to make sure the testing officer was following proper protocol was not completed thereby casting grave doubt on *991 the test results. In fact, the only omission was that the testing officer did not check off the appropriate item indicating that he had turned on the machine. He testified, however, that he purposely left that item blank because the machine was already on when he undertook to administer the test to Briggs. This does not constitute such noncompliance with the statutorily-mandated testing procedures as to require reversal.
¶ 16. Briggs further argues before this Court, without presenting any scientific evidence to support the proposition at trial, that the test results were distorted by the presence of freon gas on Briggs's clothing since he had been working on repairing an air conditioner on the day he was arrested. Such an argument is, on this record, based upon nothing more than speculation and conjecture and we decline to consider it.
¶ 17. Briggs also complains that the State did not present evidence of proper calibration of the intoxilizer machine nor any proof "that the methods used in administering the test by the Simpson County Sheriff's office had been tested quarterly." He also claimed that someone other than the arresting officer conducted the test and there was no evidence that this other individual was certified to operate the intoxilizer.
¶ 18. Section 63-11-19 requires that a testing operator be certified by the State Crime Laboratory. The statute also requires periodic tests of the "methods, machines or devices" used to detect blood alcohol content. Miss.Code Ann. § 63-11-19 (Rev.1996). The State presented evidence of periodic calibration of the machine nine days prior to Briggs's arrest and again less than two months after his arrest by a member of the Mississippi Highway Patrol certified in such work. The arresting officer affirmatively testified that he conducted the testing procedure and further said that he was properly certified under the statute by the Crime Laboratory to perform the tests. Thus, Briggs's testimony that someone else actually administered the test created a classic disputed issue of fact for the jury to resolve. Having returned a verdict of guilty, it is fair to conclude that the jury believed the arresting officer and not Briggs. The State laid the proper predicate to gain admission of the intoxilizer test results under Section 63-11-19 of the Mississippi Code. Thus, this sub-issue is without merit.

VI.

The Weight of the Evidence
¶ 19. Issue VI is a one-sentence attack on the weight of the evidence, which we quote in full: "Driving under the influence was simply not proven in this case and the jury's verdict was against the weight of the evidence." Such an argument does not legitimately raise an issue for the Court to consider on the merits and we decline to do so.

VII.

Denial of Suppression Motion and Directed Verdict and New Trial Motion
¶ 20. Issue VII is a reiteration of the argument regarding the constitutionality of the roadblock and the admissibility of any evidence gained as a result of Briggs's being stopped at the roadblock without reasonable cause to believe he was intoxicated. The arguments touching on the denial of the motion for directed verdict and the new trial motion are both founded on the proposition that the evidence gained from Briggs's unlawful detention should have been suppressed. Nothing new is raised in this part of the appellant's brief and we determine that our discussion under Issue II resolves the matter.

VIII.

Improper Closing Argument
¶ 21. Issue VIII is an attack on the argument made by the prosecution in summation. Briggs charges that certain *992 remarks were so inflammatory and prejudicial as to deny him a fair trial. The prosecuting attorney said, "And I will submit to you that this is not the first time he's gotten in his car and driven knowing he had a suspended driver's license, knowing...." At that point, defense counsel interrupted with an objection, saying only that the summation was "improper argument." The trial court sustained the objection and correctly observed that, "There's nothing in the record to support that, Mr. [Prosecutor]." Defense counsel did not move for a mistrial. Neither did he ask that the jury be admonished to disregard the evidence. The trial court must be offered the opportunity to deal with the seriousness of such prejudicial argument through a timely mistrial motion before the matter can be raised on appeal. Stevenson v. State, 244 So.2d 30, 33-34 (Miss.1971). This Court is procedurally barred from making a determination of whether that argument was so prejudicial as to require reversal of Briggs's conviction.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY OF CONVICTION OF FELONY DUI THIRD OFFENSE AND SENTENCE OF THREE YEARS WITH FIFTEEN MONTHS TO SERVE AND TWENTY-ONE MONTHS SUSPENDED WITH PROBATION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.