785 So.2d 1102 (2001)
Gray DALE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KM-02107-COA.
Court of Appeals of Mississippi.
May 22, 2001.
*1103 Ronald W. Lewis, Oxford, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and LEE, JJ.
BRIDGES, J., for the Court:
¶ 1. This case comes from the Circuit Court of Lafayette County, Honorable Henry L. Lackey presiding. After being convicted for DUI second in the Lafayette County Justice Court, Gray Dale appealed to the Lafayette County Circuit Court for a trial de novo. Dale waived his right to a jury trial, and in a bench trial, the circuit court found Dale guilty of driving under the influence, Dale's second conviction of this crime. The trial court noted Dale preserved his right to appeal. Dale appeals to this Court on the basis of one issue, which is:

WHETHER THE CIRCUIT COURT ERRED IN DENYING DALE'S MOTION TO SUPPRESS THE EVIDENCE AND DISMISS THE CHARGE OF DUI ON THE GROUND THAT HIS DETENTION AT A ROADBLOCK VIOLATED HIS RIGHTS UNDER THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 3 SECTION 23 OF THE MISSISSIPPI CONSTITUTION?
Finding no error, we affirm.

STATEMENT OF THE FACTS
¶ 2. On June 5, 1998, Gray Dale was stopped at a roadblock set up by the Lafayette County Sheriffs Department on County Road 149 in Lafayette County. The roadblock was under the direction of shift supervisor Dennis Carlyle, who had decided to set up the roadblock twenty minutes prior to Dale's arrest. At this roadblock, as a driver approached, a deputy would signal the driver with a flashlight to stop the car. This was done with every car that approached the roadblock. The primary purpose of the roadblock was to check licenses and also to check against outstanding warrants. There is no record of the procedures used at this roadblock.
¶ 3. Dale was stopped at 1:17 in the morning by Deputy Jody Mayfield. After noting signs of intoxication (Dale's nervousness, the smell of intoxicating liquor, and Dale's bloodshot eyes), Mayfield asked Dale to step out of the car. Mayfield noticed Dale was unsteady on his feet and *1104 suspected Dale had been driving under the influence. Mayfield took Dale into custody and transported him to the Lafayette County Detention Center. Dale consented to a breathalyzer test, and registered a blood alcohol content of .186 percent. Dale was then charged with DUI second, under the age of twenty-one.
¶ 4. Dale sought to suppress the results of his breathalyzer test in the Lafayette County Justice Court on the grounds the roadblock was an unconstitutional search and seizure. This motion was denied and Dale perfected his appeal to the Lafayette County Circuit Court for a trial de novo. Dale filed a motion to suppress the evidence in the circuit court on the same grounds he used in the justice court, and the circuit court found the roadblock passed constitutional muster. Upon stipulation of the parties, the trial court found the only thing at issue was whether the court had committed reversible error by denying Dale's motion to suppress. Dale waived his right to a jury trial to speed up his appeal, on the denial of his motion, to the Mississippi Supreme Court. The trial court found Dale guilty of driving under the influence second. The trial court also found Dale had properly reserved his right to appeal. Dale was sentenced to ten days in jail in the custody of Lafayette County, a fine of $650, and court costs amounting to $200.50.

DISCUSSION OF THE LAW

STANDARD OF PROOF
¶ 5. A stop of any kind is a seizure, but such a seizure will be allowed if it is ruled to be a reasonable seizure. Brown v. Texas, 443 U.S. 47, 50, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). In determining whether a roadblock is a reasonable seizure, the inconvenience of a typical motorist is balanced against the State's interest in performing the roadblock. Brown, 443 U.S. at 50-51, 99 S.Ct. 2637. "Consideration of the constitutionality of such seizures involves a weighing of the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty." Id.

ANALYSIS

WHETHER THE CIRCUIT COURT ERRED IN DENYING DALE'S MOTION TO SUPPRESS THE EVIDENCE AND DISMISS THE CHARGE OF DUI ON THE GROUND THAT HIS DETENTION AT A ROADBLOCK VIOLATED HIS RIGHTS UNDER THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 3 SECTION 23 OF THE MISSISSIPPI CONSTITUTION?
¶ 6. Dale argues the roadblock in this case was unconstitutional, thus making any evidence derived from it "fruit of the poisonous tree." This would reverse his DUI conviction. The State argues the roadblock was constitutional and then goes on to prove the deputy did have probable cause to believe Dale was driving under the influence. The key to this case is whether the roadblock was constitutional, because if it was then there is no doubt this case should be affirmed. In deciding whether the roadblock was an unreasonable, unconstitutional seizure, this Court must apply the balancing test set out in Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979), and more recently upheld in Michigan Department of State Police v. Sitz, 496 U.S. 444, 450, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990).
¶ 7. In applying the balancing test, this Court must look at the importance of the public concern served by the seizure, the degree to which the seizure advances the public interest, and the severity of the *1105 interference with Dale's liberty. Brown, 443 U.S. at 50-51, 99 S.Ct. 2637. Dale argues the purpose of the roadblock was in violation of his Fourth Amendment rights. The two purposes of the roadblock were to check licenses and to check outstanding warrants. It should be noted this Court held in the case of Briggs v. State that the State does arguably have an interest in seeing drivers of vehicles are properly registered and in making sure vehicles are properly registered and inspected. Briggs v. State, 741 So.2d 986 (¶ 8) (Miss.Ct.App. 1999). Therefore, there was a public concern served by this roadblock, and thus served by the seizure.
¶ 8. Dale makes the assertion that the second purpose of the roadblock in question, taken with some other facts, caused this roadblock to be unconstitutional. In making this argument, Dale refers to cases by the Supreme Court, such as City of Indianapolis v. Edmond, 531 U.S. 32, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000), which state the Supreme Court would not uphold roadblocks if the justification for such a seizure was for the general interest of crime control. City of Indianapolis v. Edmond, 531 U.S. 32, ___, 121 S.Ct. 447, 454, 148 L.Ed.2d 333 (2000). Dale argues the use of the roadblock to check against outstanding warrants serves the interest of crime control. This is not the case. The primary purpose of this roadblock was to check licenses. This is a government interest approved by this Court as a basis for a roadblock, and also approved by the U.S. Supreme Court. Briggs v. State, 741 So.2d 986 (¶ 8) (Miss.1999). Edmond, 531 U.S. at ___, 121 S.Ct. at 453.
¶ 9. The use of a roadblock for checking outstanding warrants does not prevent or control crime, it simply checks to see if a crime has occurred in which the detainee is suspected of taking part. Dale points out one of the deputies referred to the area around the roadblock as a problem area. Taking this statement and considering the time of night in which the roadblock was conducted, Dale argues the second purpose of the roadblock was a pretext for the purpose of broader law enforcement functions. There is no evidence indicating the deputies were operating this roadblock with a hidden agenda or purpose. Checking warrants is a limited purpose, not an overreaching attempt by the police to stop all types of crime. Besides, the primary purpose of this roadblock was a constitutionally acceptable governmental interest, and it is the primary purpose which determines whether a roadblock is constitutional. Edmond, 531 U.S. at ___, 121 S.Ct. at 457.
¶ 10. The trial court was not offered much evidence regarding the checking of warrants, but the trial court did state in its findings "[e]nforcing licensing laws is a substantial state interest." A circuit judge's findings are safe on appeal when supported by substantial, credible, and reasonable evidence. Par Indust., Inc. v. Target Container Co., 708 So.2d 44 (¶ 4) (Miss.1998). Where a judge fails to make specific findings of fact, this Court assumes the judge decided the issue consistent with the judgment and these findings will not be disturbed unless manifestly wrong. Id. Since the trial judge did not specifically mention the warrant check in his findings, we must assume the trial court decided the license check was the roadblock's primary purpose and the roadblock did not serve a broad law enforcement purpose. We do not consider this finding clearly erroneous, thus we affirm the trial court's findings.
¶ 11. The effectiveness of the seizure at serving the governmental interest must also be considered in this balancing test. Sitz, 496 U.S. at 450, 110 S.Ct. 2481. Little evidence was put forth in this case *1106 regarding how many people were stopped at the roadblock or how many of those people had proper driver's licenses. The procedure of stopping each driver is a very effective means of determining whether drivers are properly licensed. By doing so, many people are stopped and each person's license is examined. This is far more effective than the random stops the Supreme Court outlawed in the Prouse case. Because this was the procedure being used, the roadblock in this case was effective in serving the government's interest in making sure the people on the State's roads are properly licensed.
¶ 12. This Court must also consider the severity of the interference with Dale's liberty. In making his arguments, Dale urges this Court to treat the roadblock in question as a random stop check, and relies heavily on the case of Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Dale fails to recognize the difference between what was outlawed in the Prouse case and the subject matter of this case. In the Prouse case, random stop checks were being made in an effort to apprehend unlicensed drivers, and these stop checks were held to be unconstitutional. Prouse, 440 U.S. at 663, 99 S.Ct. 1391. The officers in Prouse were checking to see if drivers were licensed by picking out cars on the highway and stopping them. Id. at 650-51, 99 S.Ct. 1391. The Supreme Court ruled the officers had too much discretion because they chose who they stopped, and held the random stops failed the Brown v. Texas balancing test. Id. at 661-63, 99 S.Ct. 1391.
¶ 13. Dale claims the officers in this case were granted too much discretion, and needed set standards to govern their behavior. Dale points out the Lafayette County Sheriff had no set departmental procedures officers must follow during a roadblock which would protect a person's fourth amendment rights. Dale also notes there were no records kept of the number of stops made at the roadblock. As stated above, the officers in the Prouse case made random stops of people with no basis for the stops. Delaware v. Prouse, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). That is not the case here. While there were no set procedures in this case, the officers stopped everyone who came through the roadblock, so there was no picking and choosing among the people that came through. Prouse states:
This holding does not preclude the State of Delaware or other States from developing methods for spot checks that involve less intrusion or that do not involve the unconstrained exercise of discretion. Questioning of all oncoming traffic at roadblock-type stops is one possible alternative.
Id. This was a stationary roadblock in which every car that drove through it was stopped. There was no discretion here on the part of the officers as the officers did not choose who to stop and who not to stop. It should also be noted the Mississippi Supreme Court has previously upheld roadblocks where there were no set procedures stating law enforcement officers' discretion was limited by stopping everyone. Drane v. State, 493 So.2d 294, 296 (Miss. 1986). This Court refuses to treat this roadblock as a random stop. The roadblock in this case does not violate Prouse and should be upheld.
¶ 14. Dale also claims the roadblock was an intrusion because it would create an unfair amount of fright in those who were being stopped. Dale uses this ground, because in the Prouse case, the Court mentioned random stop checks would create an unreasonable amount of fear in people who could be randomly stopped by law enforcement. Prouse, 440 U.S. at 657, 99 S.Ct. 1391. The Supreme *1107 Court stated in the Sitz case the degree of fear created by a roadblock is far less intrusive than the degree of fear created by a random stop check. Sitz, 496 U.S. at 452-53, 110 S.Ct. 2481. This case deals with a roadblock in which people could see cars stopping, could see the police officers' cars, could see the police officers stopping cars, and know what was happening. Because of this, the degree of fright caused by this roadblock would not be very high, and it would certainly be less than the fear created by a random stop. Dale's argument is unpersuasive.
¶ 15. Overall, the degree of intrusion into Dale's liberty caused by this roadblock is minimal. Dale was treated as any other driver who approached this roadblock was treated. This case did not involve drug dogs or mandatory searches of automobiles. This was simply a roadblock set up to determine whether the drivers of cars were licensed, a public interest which this Court has held does not violate the Sitz case. Briggs v. State, 741 So.2d 986 (¶ 8) (1999). For this reason, this Court holds the State's interest in conducting this roadblock for the purpose of insuring drivers on the State's roads were properly licensed outweighs the small intrusion on Dale's liberty. Therefore, the seizure in this case was reasonable, and the roadblock was constitutional.
¶ 16. Once the roadblock itself is considered constitutional, Dale's subsequent arrest is not a problem. Upon approaching the car, Deputy Mayfield noticed the smell of alcohol coming from inside the car. There is a long line of precedent in Mississippi which holds the smell of alcohol emanating from a car is enough to provide an officer with probable cause to make an arrest. Eady v. State, 153 Miss. 691, 121 So. 293, 294 (1929), Miller v. State, 373 So.2d 1004, 1007 (Miss.1979). Once Mayfield had probable cause, then his arrest of Dale was a constitutional seizure and the results of the breathalyzer test, to which Dale consented, are not tainted. Since the evidence is not tainted, this Court holds the trial court judge was correct in denying Dale's motion to suppress this evidence.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF DUI, SECOND OFFENSE, AND SENTENCE TO SERVE TEN DAYS IN THE CUSTODY OF THE LAFAYETTE COUNTY SHERIFF AND FINE OF $600, IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.