828 So.2d 844 (2002)
Tyrone DIXON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KM-01109-COA.
Court of Appeals of Mississippi.
October 15, 2002.
*845 Pamela Luckie Castle, Hattiesburg, V.W. Carmody, Jr., Jackson, attorneys for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
KING, P.J., for the court.
¶ 1. Tyrone Dixon was convicted by the Greene County Circuit Court of driving under the influence, first offense. Aggrieved Dixon has appealed his conviction on the basis of a single issue, which we cite verbatim: "The roadblock at which the appellant was stopped was unconstitutional and violated his rights under the Fourth Amendment of the U.S. Constitution and Article 3 Section 23 of the Mississippi Constitution."

STATEMENT OF FACTS
¶ 2. On April 30, 2000, Mississippi Highway Patrol Officer Todd Miller requested permission of his supervisor to set up a vehicle checkpoint in Greene County on Highway 57. Officer Miller received permission and the vehicle checkpoint was set up around 11:00 p.m. Miller was assisted at this checkpoint by two officers of the Greene County Sheriff's Department. The purpose of the checkpoint was to check for valid tags, inspection stickers, licenses and traffic violations. All vehicles were required to stop at the checkpoint. However, no log was maintained of the cars or the activity at the checkpoint.
¶ 3. At approximately 11:25 p.m., Dixon was stopped by Officer Miller. According to Officer Miller; after stopping Dixon, he noted that Dixon smelled of alcohol and that his eyes were "kind of blurry and stuff." When asked by Officer Miller if he had consumed any alcohol that night, Dixon responded that he had. Dixon was then transported to the Greene County Sheriff's Department, where he consented to an intoxilyzer test. The test showed Dixon's blood alcohol level to be .152 percent. Subsequently, Dixon was charged *846 with driving under the influence of alcohol, first offense.
¶ 4. On July 10, 2000, Dixon was convicted in the Justice Court of Greene County of driving under the influence, first offense. He appealed that conviction to the Green County Circuit Court.
¶ 5. After the parties had rested, Dixon moved the court to exclude the results of the intoxilyzer test as being the result of an illegal search and seizure conducted as a result of an unconstitutional roadblock. That motion was denied, and the Greene County Circuit Court found Dixon guilty of driving under the influence, first offense.

DISCUSSION
¶ 6. In reliance on Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), this Court has observed that the temporary detention of an individual by the stopping of his vehicle is a seizure within the ambit of the Fourth Amendment to the United States Constitution. Boyd v. State, 758 So.2d 1032 (¶ 8) (Miss. Ct.App.2000). Any such stop must therefore be reasonable. Id. The determination of what is reasonable under these circumstances requires "a balance between the public interest and the individual right to personal security free from arbitrary interference by law officers." Brown v. Texas, 443 U.S. 47, 50, 99 S.Ct. 2637, 61 L.Ed.2d 357, (1979). This balance mandates "a weighing of the gravity of the public concerns served by the seizure, the degree to which the seizure advances that public interest and the severity of the interference with individual belief." Brown v. Texas, 443 U.S. 47, 51, 99 S.Ct. 2637, 61 L.Ed.2d 357, (1979).
¶ 7. Dixon asks this Court to find that the checkpoint in this case was unconstitutional in that it (1) did not serve the public interest, (2) was not done in accordance with a standard procedure, and (3) unduly interfered with his liberty. He suggests that these three failings render the stop unreasonable and therefore unconstitutional.
¶ 8. The State has a legitimate interest in making certain (1) that the vehicles traveling upon its roads have been properly licensed and inspected, and (2) that the persons driving those vehicles are properly licensed to do so. Briggs v. State, 741 So.2d 986(¶ 8) (Miss.Ct.App. 1999). The establishment of a roadblock, where all vehicles and drivers are stopped is an acceptable manner of achieving that interest. Id.
¶ 9. Nothing in the record presented to this Court demonstrates that a benevolent purpose was executed in a malevolent manner. Nor is there anything in the record which indicates that this roadblock was executed in an unreasonable or overly intrusive manner. Accordingly, this Court finds no merit in this issue.
¶ 10. THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT OF CONVICTION OF DUI, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN THE GREENE COUNTY JAIL, SUSPENDED PENDING GOOD BEHAVIOR, AND PROBATION FOR ONE YEAR, FINE OF $350, AND TO COMPLETE THE MASEP PROGRAM IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY. McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.