KING, P.J., for the court.
¶ 1. James R. Mayo was originally convicted of DUI-first offense and possession of paraphernalia in the Justice Court of Copiah County, Mississippi. He appealed this conviction to the Copiah County Circuit Court which affirmed the justice court’s conviction of the DUI charge but dismissed the possession charge in a de novo bench trial. Aggrieved by his conviction, Mayo has appealed and raised the following issue which we quote verbatim:
Whether the trial court erred in finding that sufficient probable cause existed for the discovery of Appellant’s Driving Under the Influence violation, where the underlying charge for Possession of Beer, which led to the revealing search and seizure, was dismissed.
FACTS
¶ 2. On June 11, 2000, at approximately 10:30 p.m., deputies with the Copiah County Sheriffs Department had set up a routine roadblock on Highway 18 in Copiah County to check licenses and look for alcohol and drugs. When Mayo approached the roadblock, his driver’s license was checked. Officer Tommy Rials indicated that Mayo had an open container of beer in plain view in his vehicle. Mayo was then asked to pull to the shoulder of the road. Rials stated that Mayo admitted that he had been drinking and smoking marijuana earlier. Mayo consented to a search of his vehicle. Rials stated that “the paper with a little marijuana in it” was located inside the vehicle.
¶ 3. Mayo was placed under arrest. Rials asked Mayo if he would consent to a series of field sobriety tests, but Mayo refused. After observing Mayo, Rials determined that he was a little disoriented and had alcohol on his breath. Rials transported Mayo to the sheriffs department where an intoxilyzer test was performed. The test results indicated that Mayo’s blood-alcohol content was .126 percent at the time of the test.
¶ 4. On June 12, 2000, Mayo was charged with DUI-first offense, possession of beer, and possession of drug paraphernalia in the Justice Court of Copiah County. On July 13, 2000, Mayo was convicted of DUI First Offense and possession of paraphernalia. He was ordered to pay a fine and other court costs. The beer possession charge was dismissed.
¶ 5. Mayo appealed to the Circuit Court of Copiah County where the case was tried de novo. The circuit court affirmed the DUI conviction, but reversed the paraphernalia possession conviction.
ISSUE AND ANALYSIS
Whether the trial court erred in finding that sufficient probable cause existed for the discovery of Appellant’s Driving Under the Influence violation, where the underlying charge for Possession of Beer, which led to the revealing search and seizure, was dismissed.
¶ 6. Mayo contends that the trial court erred in finding that probable cause existed for a DUI violation where the underlying charge of possession of beer was dismissed. Determinations of reasonable *741 suspicion and probable cause should be reviewed de novo on appeal. Floyd v. City of Crystal Springs, 749 So.2d 110(¶ 11) (Miss.1999).
¶ 7. Mayo does not question the constitutionality of the roadblock itself, but asserts the police lacked sufficient probable cause for the subsequent arrest for DUI since the beer possession charge was dismissed. Upon approaching the vehicle, Officer Rials noticed an open container of alcohol in plain view and asked Mayo had he been drinking. Mayo indicated that he had in fact been drinking. Mayo was then asked to step out of the vehicle. There is a long line of precedent in Mississippi which holds the smell of alcohol emanating from a car is enough to provide an officer with probable cause to make an arrest. Dale v. State, 785 So.2d 1102(¶ 16) (Miss.Ct.App.2001).
¶ 8. Officer Rials testified that Mayo stuttered when answering questions, acted a little disoriented, and had the odor of an “intoxilyzing substance” on his breath. The officer determined that Mayo should be arrested and given an intoxilyzer test. The trial judge determined that sufficient probable cause existed for this action stating:
THE COURT: [TJhere’s been no contest made or [sic] validity of the roadblock and there’s undisputed testimony that Mr. Mayo had the beer in his vehicle. And at that point we’ve had, you know, testimony from at least one, maybe two officers, it’s difficult to tell, maybe two officers that Mr. Mayo had possession of beer in his vehicle. Now, whether or not he’s guilty of that offense, you know, beyond a reasonable doubt, the justice court for some reason dismissed the cause, and I’m certainly not questioning that or I don’t doubt it, but that does not mean the proof, the facts, and the truth of what happened at the stop are not valid.
[[Image here]]
THE COURT: I don’t believe that anything that’s happened in justice court has done anything to diminish the probable cause that the police officers had to stop Mr. Mayo, and I find in ruling at this point that there was probable cause to stop Mr. Mayo.
¶ 9. Even though the beer possession charge was dismissed, it is not necessary that the information the officer had at the time of the arrest be sufficient to sustain a conviction of the crime charged, Jones v. State, 461 So.2d 686, 695 (Miss.1984), nor does the arrest have to have been on the charge ultimately brought. Goforth v. City of Ridgeland, 603 So.2d 323, 326 (Miss.1992).
¶ 10. Officer Rials indicated he observed an open container of beer in Mayo’s vehicle, and that Mayo admitted that he had been drinking. The officer smelled an intoxilyzing substance on Mayo’s breath and noticed that Mayo appeared disoriented. Although the charge of possession of beer was later dismissed, the presence of beer provided sufficient probable cause to conduct a search of Mayo and his vehicle. Northington v. State, 749 So.2d 1099(¶ 9) (Miss.Ct.App.1999). This Court finds no merit in this issue.
¶ 11. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE-FIRST OFFENSE AND FINE OF $500.00 IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.