850 So.2d 206 (2003)
Anthony G. SASSER, Appellant,
v.
CITY OF RICHLAND, Mississippi, Appellee.
No. 2002-KM-01641-COA.
Court of Appeals of Mississippi.
July 15, 2003.
*207 William P. Featherston, Ridgeland, attorney for appellant.
Jay Max Kilpatrick, Paul B. Henderson, Jackson, attorneys for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
McMILLIN, C.J., for the court.
¶ 1. Anthony Sasser was found guilty in Richland City Court of driving under the influence of intoxicating liquor, first offense. He appealed to the County Court of Rankin County and was found guilty in a de novo bench trial. Sasser then perfected an appeal to the Circuit Court of Rankin County. That court affirmed the conviction. Thereafter, Sasser obtained permission to further appeal his conviction to this Court under authority of Section 11-51-81 of the Mississippi Code, contending that the appeal necessarily raised a constitutional issue; namely, that the roadblock set up by the City of Richland Police Department which resulted in his arrest constituted an unreasonable search and seizure under the Constitution of the State of Mississippi. Sasser also seeks to raise two additional issues that do not give rise to constitutional issues. We are unconvinced that the roadblock in question was conducted in violation of Sasser's rights arising under the applicable provisions of this state's constitution and decline to reverse his conviction on that basis. We also find that the remaining issues are not properly before us. For the foregoing reasons, we affirm Sasser's conviction and judgment of sentence.

I.

Facts
¶ 2. At approximately midnight on June 18, 2000, Sasser passed through a fixed safety checkpoint that had been set up by the City of Richland Police Department. The officer charged with checking the validity of Sasser's operator's license became concerned that Sasser may have been drinking alcoholic beverages. Ultimately, Sasser was given an intoxilyzer test that *208 indicated his blood alcohol content exceeded the amount allowed by the statute on impaired drivers. As a result, he was charged with driving under the influence. The proceedings outlined in the initial paragraph ensued, resulting in the matter now coming before this Court.

II.

The Roadblock
¶ 3. In his first issue, Sasser contends that the checkpoint set up by the City of Richland Police Department was conducted in violation of protections afforded him under Article 3, Section 23 of the Constitution of the State of Mississippi, which provides as follows:
The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized.
¶ 4. At the trial in county court, the only time Sasser sought to deal with the matter of the roadblock was at the close of the evidence when he sought to have the charge dismissed as follows:
I also want to move for basically a judgment of acquittal on the ground that the initial stop was an unconstitutional violation of the Fourth Amendment....
¶ 5. This Court, relying on the case of Michigan Dept. of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990), has previously held that roadblocks of this nature do not violate the Fourth Amendment to the Constitution of the United States. Briggs v. State, 741 So.2d 986, 989-90 (¶¶ 8-10) (Miss.Ct.App.1999). That case, as we observed in Briggs, dealt with the distinction between fixed roadblocks where all motorists are subjected to a brief stop and roving roadblocks that are nothing more than random incidents of pulling over individual motorists. Briggs, 741 So.2d at 989(¶ 8). Although defense counsel, in cross-examining the arresting officer, was able to elicit an affirmative response to his inquiry as to whether the roadblock in question was, in essence, a "roving roadblock," it is not clear that the officer was versed in the distinctions made by the United States Supreme Court in Sitz and we do not conclude that the State is bound by that purported "admission." Rather, the facts of the roadblock were established by proof showing it to be at a fixed location involving at least four law enforcement vehicles, all of which had their blue lights activated, and at which all vehicles approaching from both directions were subjected to at least a brief stop. In terms of searching for a Fourth Amendment violation in these circumstances, we are unable to distinguish this case from Briggs.
¶ 6. This requires the Court to confront Sasser's assertion on appeal that the stop violated heightened protections afforded him under the above-quoted section of the Mississippi Constitution. There can be no doubt that this issue as framed in Sasser's appeal is different from that presented to the trial court in Sasser's motion for judgment of acquittal. It is a well-accepted principle in this state that an appellate court's function is to consider claims of error committed at the trial level and that matters not presented to the trial court for ruling may not normally be raised for the first time on appeal. Robinson v. State, 758 So.2d 480, 490 (¶ 45) (Miss.Ct.App.2000). For that reason, we find the issue as framed to be procedurally barred.
¶ 7. Notwithstanding the procedural bar, we observe that Sasser cites the *209 Court to no authority indicating that the Mississippi Supreme Court has held that the relevant language of the Mississippi Constitution affords a higher level of insulation from searches and seizures than those afforded by the Fourth Amendment. Instead, he cites to decisions in two other statesMichigan and Indianathat have found their state constitutions to guarantee more expansive protection to the motoring public than that extended under the Fourth Amendment. State of Indiana v. Gerschoffer, 738 N.E.2d 713 (Ind.App. 2000); Sitz v. Dept. of State Police, 443 Mich. 744, 506 N.W.2d 209 (1993). In view of the striking similarities between the Fourth Amendment and Article 3, Section 23, of the Mississippi Constitution and the lack of a history of differentiation between the two by the Mississippi Supreme Court, we do not find a tenable basis to accept Sasser's contention, even were we inclined to overlook the procedural bar. We note that, in a somewhat similar situation involving the privilege against self-incrimination, the supreme court said:
[W]e believe it wise to begin with the presumption that similar sections of the United States Constitution and the Mississippi Constitution ought to be construed similarly. As a general rule, the imposition of two different standards would introduce unnecessary confusion among lawyers, judges, and law enforcement officers throughout the state.
McCrory v. State, 342 So.2d 897, 900 (Miss.1977). We see no reason in this case to disregard the presumption described in McCrory.
¶ 8. Sasser sought to raise two additional issues in this appeal. The issues relate to alleged errors in the trial court's rulings on evidentiary matters and do not invoke constitutional considerations. This Court, deriving its jurisdiction to consider Sasser's appeal from Section 11-51-81 of the Mississippi Code, is limited to issues that involve constitutional questions. Goforth v. City of Ridgeland, 603 So.2d 323, 326 (Miss.1992); Davis v. City of Biloxi, 797 So.2d 1036, 1036-37(¶ 4) (Miss.Ct.App. 2001). We are, therefore, procedurally barred from reaching the merits of these two issues.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN THE RANKIN COUNTY JAIL, SUSPENDED, AND FINE OF $749.50, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., Concur.