KING, P.J.,
for the Court.
¶ 1. Michael A. Graham was convicted of DUI, third offense, in the Neshoba County Circuit Court, and sentenced to a term of two and one-half years in the custody of the Mississippi Department of Corrections and ordered to pay a fine. The trial judge ordered that 120 days of the sentence be served in the Neshoba County Jail, with the remainder of the sentence to be served under house arrest, pursuant to the regulations of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Graham has appealed and raises the following issues:
I. Whether the trial court erred in failing to hold that the roadblock was an unconstitutional seizure which violated Graham’s Fourth Amendment rights.
II. Whether the trial court erred in allowing Officers Peden and Callahan to give testimony regarding the administration of the HGN test.
III. Whether the trial court erred by allowing the results of Graham’s intoxi-lyzer test into evidence when Officer Peden failed to comply with the mandated twenty minute pre-test observation period.
IV. Whether the verdict was against the overwhelming weight of the evidence.
FACTS
¶ 2. On November 24, 2001, at approximately 9:00 p.m., Graham was stopped at a roadblock set up by the City of Philadelphia Police Department on Highway 21 South inside the city limits. The purpose of the roadblock was to check drivers’ licenses and conduct safety checks. Officer Mitch Peden suggested the location of the roadblock. Advance notice of the roadblock was given to the public by newspaper publication.
¶ 3. Officer Brian Callahan of the Philadelphia Police Department approached Graham’s vehicle and asked to see his driver’s license. Graham stated that he did not have his license with him. According to Callahan, he smelled the strong odor of an intoxicating beverage, and Callahan asked Graham to pull over to the side of the road.
¶ 4. Called over to assist Callahan, Pe-den asked Graham to step to the back of the vehicle. Callahan testified that Graham “stumbled one time and almost fell, but he caught himself on the bed of the truck before he fell and hit the ground” and had slurred speech.
¶ 5. Peden administered the HGN field sobriety test, which indicated that Graham might have been driving while intoxicated. Graham was transported to the Neshoba County Jail where he was offered an intox-ilyzer test.
¶ 6. According to Officer Peden, Graham was given his rights regarding the breath alcohol analysis. The machine was activated and Graham was offered the opportunity to take the breath alcohol exam. This is a timed test with' a limited window of opportunity to complete it. Graham refused the exam, and the available time expired. Thereafter, Graham requested that he be given the opportunity to take the exam.
¶ 7. On cross-examination, Peden indicated that the first test was offered to Graham at 9:44 p.m. and the second test was offered approximately fourteen minutes later.
*165 ISSUES AND ANALYSIS
I.
Whether the trial court erred in failing to hold that the roadblock was an unconstitutional seizure which violated Graham’s Fourth Amendment rights.
¶ 8. Graham asserts that his Fourth Amendment rights were violated when he was stopped at a sobriety checkpoint which was “randomly set up through the unbridled discretion of the officer in the field,” and resulted in an unconstitutional seizure. He cites Drane v. State, 493 So.2d 294, 296 (Miss.1986) for the proposition that “the stop of a vehicle is a ‘seizure’ for Fourth Amendment purposes.” He claims that the roadblock site had not been determined by policy-making officials, but rather by the field officers themselves.
¶ 9. This Court has observed that a determination of whether a roadblock is a reasonable “seizure” for purposes of the Fourth Amendment requires “a balance between the public interest and the individual’s right to personal security free from arbitrary interference by law officers.” Dixon v. State, 828 So.2d 844(¶ 6) (Miss.Ct.App.2002). Consideration of the constitutionality of such seizures involves a weighing of the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty. Id.
¶ 10. According to the record, the City had received a grant to establish roadblocks to conduct safety checks during the Thanksgiving holiday. The officers met with the police chief prior to the establishment of the roadblocks to discuss the location and operation of these roadblocks. The determination of the location of each roadblock was made by the police chief. While the record does not indicate the adoption of written directives regarding these roadblocks, it does indicate that all persons approaching the roadblock were to be stopped, without exception. The absence of specific written directives is not a fatal flaw, so long as the officers are neither arbitrary nor capricious in determining who will be stopped. Dixon v. State, 828 So.2d 844(119) (Miss.Ct.App. 2002); Dale v. State, 785 So.2d 1102(1113) (Miss.Ct.App.2001).
¶ 11. Nothing in the record before this Court suggests that this roadblock was executed in an unreasonable or overly intrusive manner, or that its stated purpose was in any way misused. Accordingly, this Court finds no merit in this issue.
II.
Whether the trial court erred in allowing Officers Peden and Callahan to give testimony regarding the administration of the HGN test.
¶ 12. Graham asks this Court to find error in the testimony regarding the HGN test. It must be noted that Graham did not object to testimony regarding the HGN. In the absence of a contemporaneous objection, this issue is not properly preserved for appellate review. Crosswhite v. State, 732 So.2d 856(¶ 14) (Miss.1998). We will not find a trial court to have committed error on a matter not presented to it for decision. Fulgham v. State, 770 So.2d 1021(¶ 4) (Miss.Ct.App.2000).
¶ 13. Notwithstanding the failure to object to this testimony, this Court would note that the HGN is not admissible to establish intoxication, but is admissible to show probable cause to make an arrest and to administer an appropriate test to determine intoxication. Young v. City of Brookhaven, 693 So.2d 1355, 1361 (Miss. 1997). In this case, evidence of the HGN was offered merely to explain the officer’s *166 actions, rather than as evidence of guilt. This issue is without merit.
III.
Whether the trial court erred by allowing the results of Graham’s intoxi-lyzer test into evidence when Officer Peden failed to comply with the mandated twenty minute pre-test observation period.
¶ 14. Graham asserts that the in-toxilyzer results should not have been admitted into evidence because Officer Peden failed to comply with the “mandatory twenty minute pre-test observation period.” Mississippi Code Annotated Section 63-11-5(1) provides that no intoxilyzer test shall be given to any person within fifteen minutes of consumption of any substance by mouth.
¶ 15. Officer Peden testified that approximately forty-four minutes passed from the time he encountered Graham until the time the test was run, that Graham was in his presence the entire time, and was not allowed to take anything by mouth during that time. Where a conflict existed in the evidence, it was the trial judge’s function to determine the admissibility of the evidence not its weight. Byrd v. State, 154 Miss. 742, 750, 123 So. 867, 869 (1929). The judge performed his function and properly held the evidence to be admissible.
¶ 16. Where the evidence is in conflict, it is the responsibility of the jury to determine the weight and credibility to be accorded witness testimony. Briggs v. State, 741 So.2d 986(¶ 11) (Miss.Ct.App.1999). In this case there existed a dispute as to the circumstances under which the intoxilyzer test was given to Graham. The jury found the testimony of Officer Peden to be credible on this question. This Court cannot say that was wrong.
¶ 17. This issue is without merit.
IV.
Whether the verdict was against the overwhelming weight of the evidence.
¶ 18. Graham contends that reasonable men could not have found beyond a reasonable doubt that he was guilty of DUI, and therefore the verdict was against the overwhelming weight of the evidence.
¶ 19. In determining whether a verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice. Ford v. State, 753 So.2d 489(¶ 8) (Miss.Ct.App.1999).
¶ 20. The State presented evidence that when stopped at the roadblock, Graham had a strong odor of alcohol on his breath. Peden indicated that Graham’s speech was slurred and he had trouble walking to the back of the vehicle. Graham was taken to the police station, where a breath alcohol test showed a blood alcohol level of .188. Additionally, while completing the booking process, Graham passed out.
¶ 21. In looking at the above evidence, we find that reasonable-minded jurors had substantial credible evidence, upon which they could have found Graham guilty beyond a reasonable doubt of DUI.
¶ 22. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF DUI-THIRD OR SUBSEQUENT OFFENSE AND SENTENCE OF TWO AND ONE-HALF YEARS IN THE CUSTODY OF THE *167 MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $2,000, WITH ONE HUNDRED TWENTY DAYS OF THIS SENTENCE TO BE SERVED IN THE NESHOBA COUNTY JAIL AND REMAINDER OF THE SENTENCE TO BE SERVED UNDER HOUSE ARREST PURSUANT TO REGULATIONS WITH THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.