913 So.2d 323 (2005)
Grady Jack WHITE, Appellant,
v.
Carolyn WHITE, Appellee.
No. 2003-CA-00482-COA.
Court of Appeals of Mississippi.
April 12, 2005.
*324 Glenn Louis White, Petal, Sheila Havard Smallwood, Tupelo, attorneys for appellant.
Richard V. Dymond, Gulfport, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Jack White appeals from the granting of a divorce based upon his infidelity. He claims the court erred in awarding his wife, Carolyn White, alimony and $1,500 in attorney's fees.
¶ 2. Before discussing these two issues the Court must discuss a twist in the case which has occurred since the chancery court's decision. The chancellor awarded the marital home to Mr. White. However, since the order, the marital home has burned and was a total loss. Insurance proceeds on the home in the amount of $45,000 were interplead into the registry of the Pearl River County Chancery Court.
¶ 3. Mr. White asks that we remand the cause on the issue of the equitable distribution of marital property to account for the loss he sustained as a result of the fire. Mrs. White opines that Mr. White had the responsibility to procure an insurance policy on the home in an amount that would protect the home. She cites Hancock Bank v. Travis, 580 So.2d 727, 731 (Miss. 1991) which says that "a party who agrees to procure insurance and fails to do so assumes the position of insurer and [assumes] the risk of loss." Thus Mrs. White says that Mr. White assumed the risk of loss and therefore should bear the loss due to his under insurance of his property.
¶ 4. This Court's function is to consider claims of error committed at the trial level and matters not presented to the trial court for a ruling may not usually be raised for the first time on appeal. Sasser v. City of Richland, 850 So.2d 206, 208(¶ 6) (Miss.Ct.App.2003).
¶ 5. The failure to present the issue of the fire to the chancellor was not due to either parties' inaction. Instead it was an unforeseen event occurring after the issuance of the final judgment of the trial court and before the rendering of the decision on appeal.
¶ 6. This Court does not hear and decide original matters; therefore, the issue of what effect, if any, the burning of the *325 house has on the final decree is an issue for the chancellor to decide. Therefore, as to this issue only we remand the cause to the chancellor to determine what effect if any the burning of the house should have on his order concerning the distribution of the marital property.

ISSUES
¶ 7. Jack presents two errors on appeal:

I. DID THE CHANCELLOR COMMIT ERROR IN AWARDING ALIMONY TO APPELLEE?

II. DID THE CHANCELLOR COMMIT ERROR IN AWARDING APPELLEE ATTORNEY'S FEES?

STATEMENT OF THE FACTS
¶ 8. Mr. and Mrs. White were married on December 5, 1975, and separated in April of 1999. There were no children born to the marriage. Mrs. White was diagnosed with cancer in 1999 and has received extensive treatment, including chemotherapy. Additionally, she has had other medical problems requiring surgery. Mrs. White testified that after her cancer diagnosis Mr. White lost interest in her and began seeing other women.
¶ 9. Mrs. White earns $1,000 a month in the school system and Mr. White earns $2,271 with his cabinet making business.
¶ 10. The couple came into the marriage each with realty and personalty and amassed more during their marriage. The chancellor divided the marital property, and required Mr. White to pay alimony of $500 per month and $1,500 of Mrs. White's attorney's fees.

ANALYSIS

I. DID THE CHANCELLOR COMMIT ERROR IN AWARDING ALIMONY TO THE APPELLEE?
¶ 11. Our scope of review of a chancellor's award of alimony is well settled. The award of alimony is within the sound discretion of the chancellor. McEachern v. McEachern, 605 So.2d 809, 814 (Miss.1992). We will not reverse unless the chancellor was manifestly in error in his findings of fact or abused his discretion. Powers v. Powers, 568 So.2d 255, 257 (Miss.1990)
¶ 12. In 1993 the supreme court pulled together principles from the case law at that time and created a list of factors which should be considered by a chancellor in making an award of alimony. Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993). The Armstrong factors are:
(1) The income and expenses of the parties; (2) the health and earning capacities of the parties; (3) the needs of each party;(4) the obligations and assets of each party; (5) the length of the marriage; (6) the presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care; (7) the age of the parties;(8) the standard of living of the parties, both during the marriage and at the time of the support determination; (9) the tax consequences of the spousal support order; (10) fault or misconduct; (11) wasteful dissipation of assets by either party; and (12) any other factor deemed by the court to be "just and equitable" in connection with the setting of spousal support.
Id.
¶ 13. The chancellor did not mention the Armstrong case by name in making his ruling, but he clearly used its holding in deciding to award alimony. First, he determined that the divorce was a result of Mr. White's adultery, this factor (10) favoring Mrs. White. The chancellor *326 applied factors one and two and found that Mrs. White's earnings were about half of Mr. White's and that her cancer prohibited her from seeking other employment. He considered factor five, the length of the marriage, and found that the couple had been married for twenty-nine years.
¶ 14. Applying these factors, the chancellor held that Mrs. White was entitled to periodic alimony in the amount of $500 per month beginning on February 1, 2003. This Court can find no manifest error in the chancellor's decision to award periodic alimony.

II. DID THE CHANCELLOR COMMIT ERROR IN AWARDING APPELLEE ATTORNEY FEES?
¶ 15. Generally the award of attorney's fees in divorce cases is left to the discretion of the trial court and absent an abuse of discretion or manifest error, this Court will not disturb the chancellor's decision. Chesney v. Chesney, 849 So.2d 860, 862(¶ 9) (Miss.2002).
¶ 16. In McKee v. McKee, 418 So.2d 764 (Miss.1982) and Watson v. Watson, 724 So.2d 350 (Miss.1998) the supreme court established the criteria to be used in determining whether to award attorney's fees.
¶ 17. The first consideration is the relative financial ability of the parties. Id. at (¶¶ 29, 30). It was clearly this consideration which lead the chancellor to award Mrs. White attorney's fees. The award of $1,500 in attorney's fees is made in the chancellor's ruling in the same paragraph and right after his discussion of Mrs. White's poor health and the disproportionate incomes of the parties. It is clear that these two factors were the deciding points in favor of the attorney's fees award.
¶ 18. Based upon this record, we cannot hold the chancellor erred when he awarded Mrs. White $1,500 in attorney's fees.
¶ 19. THE JUDGMENT OF THE CHANCERY COURT OF PEARL RIVER COUNTY IS AFFIRMED AS TO THE AWARD OF ALIMONY AND ATTORNEY'S FEES IN THE AMOUNT OF $1,500. THE CASE IS REMANDED TO DETERMINE WHAT INFLUENCE, IF ANY, THE DESTRUCTION OF THE MARITAL HOME BY FIRE SHOULD HAVE ON THE COURT ORDERED DIVISION OF MARITAL PROPERTY. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.